■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY WALKER, Appellant.—Judgment, Supreme Court, New York County, rendered January 16, 1978, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree, and order of said court, rendered December 7, 1977, denying defendant's motion to suppress physical evidence, reversed, on the law, the plea vacated, the motion to suppress physical evidence granted, and the indictment dismissed. On April 22, 1977, defendant was standing in a crowd on 127th Street between St. Nicholas and Eighth Avenues when he was observed by three police officers who were riding in a radio patrol car. As the police vehicle drew close, he left the group and walked toward the subway station with the patrol car following him at a distance of approximately 15 feet. As he walked to the station, he appeared to look over his shoulder at frequent intervals in the direction of the police car. When the defendant reached the subway station, he descended the steps and proceeded to the token booth. Two of the officers, Steck and Kane, exited from the vehicle and followed him down. When defendant completed his business at the token booth, Steck called him over and a brief questioning period ensued. During this colloquy defendant "had his right hand in the waist area, across the waist area where his—roughly where the belt buckle would be". Defendant was asked if he had a gun, to which he made no response. Steck then removed the defendant's hand from his belt area and "saw a bulge in the center right where his belt buckle would be if he had his belt on". The bulge had no shape recognizable to the police officer. He lifted the defendant's shirt and removed a .38 calibre revolver. During this period Steck had his hand on his holster and Kane, who remained standing nearby, had his gun drawn. The defendant was taken to the precinct where a search disclosed the narcotics with possession of which he is charged. Officer Steck testified that he had arrested 15 or 20 people in the neighborhood at other times, mostly for narcotics violations. However, he conceded that nothing had occurred which caused him to focus his attention on defendant. While defendant's conduct as he walked toward the subway may conceivably have raised police suspicion to the point where justification existed for stopping and interrogating defendant *(People v De Bour,* 40 NY2d 210), certainly no further invasion of privacy was authorized. Nor did the failure of defendant to respond to Steck's inquiry as to whether he had a gun push suspicion to the point where a search was warranted. At no point was Steck able to articulate a reasonable basis for his suspicions. At best, he was able to say only that he "felt" defendant had a gun. This is scarcely sufficient to trigger a forfeiture of a constitutional right. Concur—Fein, J. P., Sullivan, Bloom, Markewich and Ross, JJ.